Filed 9/8/15  P. v. Bowers CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>LARRY JAMES BOWERS,<br><br>　　　Defendant and Appellant. | B262121<br><br>(Los Angeles County<br>Super. Ct. No. VA 126131) |

　　　APPEAL from an order of the Superior Court for the County of Los Angeles. Olivia Rosales, Judge.  Affirmed.

　　　Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

————————————————————

This case involves an inmate's petition for resentencing under Penal Code section 1170.18 (Proposition 47).  (All statutory references are to the Penal Code.)

At the conclusion of a preliminary hearing on October 10, 2012, defendant was held to answer for violations of section 459 (second degree burglary) and section 487, subdivision (a) (grand theft).  These charges were in connection with a shoplifting incident at TJ Maxx in Cerritos.

At the preliminary hearing, a store loss prevention detective testified that defendant went into the handbag department, selected "anywhere from five to eight" handbags, and put them in a shopping cart.  Defendant then went to the jewelry department, looked at some merchandise there, returned to the shopping cart, and "selected a few more handbags as he was making his way through the aisle."  The witness testified defendant left the store carrying "approximately, in total, about 10 [handbags], with the value of about 150 to $200 per handbag," without paying for them.  The witness was then asked, "So about $1,200?" and answered, "Roughly, yes."

On December 26, 2014, defendant, then serving a three-year sentence in state prison for felony convictions of second degree burglary and grand theft, filed a petition for resentencing under Proposition 47.

Proposition 47, effective November 5, 2014, makes certain drug and theft offenses misdemeanors instead of felonies, and allows a person who is serving a felony sentence for such offenses to request resentencing to a misdemeanor.  (§ 1170.18, subd. (a).)  For example, specified theft crimes not exceeding $950 are now punished as misdemeanors. (See, e.g., § 459.5, subd. (a) [defining shoplifting, "[n]otwithstanding Section 459," as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)"]. ) Shoplifting is punished as a misdemeanor, and "[a]ny other entry into a commercial establishment with intent to commit larceny is burglary."  (§ 459.5, subd. (a).)

The trial court found defendant did not qualify for resentencing because the amount of the theft, as shown by the testimony at the preliminary hearing, was more than $950.

Defendant filed a timely appeal.

Defendant's appointed counsel filed a *Wende* brief (*People v. Wende* (1979) 25 Cal.3d 436) requesting our independent review of the record. A declaration from counsel stated that she had explained to defendant her evaluation of the record, her intent to file a *Wende* brief, and his right to file a brief of his own and to relieve her as counsel. Counsel also mailed a copy of the record on appeal to defendant. No supplemental brief has been filed.

We have reviewed the record on appeal. The record does not support a claim the trial court erred in denying defendant's petition, showing instead that defendant's offenses involved theft of more than $950, and consequently he does not satisfy the criteria specified in section 1170.18, subdivision (a).

In short, we are satisfied that defendant's appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The trial court's order is affirmed.


GRIMES, J.

WE CONCUR:

BIGELOW, P. J.



FLIER, J.

3